# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| MARY ALICE BECAN, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. CIV-07-149-SPS |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## OPINION AND ORDER AWARDING
## ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying benefits under the Social Security Act. She seeks an award of attorney's fees and costs in the aggregate amount of $5,470.30 under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. *See* Becan's Petition for the Award of Attorney's Fees and Expenses Under the Equal Access to Justice Act [Docket No. 22]. The Plaintiff also seeks an order of the Court directing the Commissioner to send her EAJA award to the care of her attorneys because: (i) her attorneys have liens on her EAJA award; and, (ii) the attorneys' liens have priority over any right of offset the government may claim. The Commissioner indicates that he has no objection to an award of $5,470.30 to the Plaintiff, but he *does* object to the imposition of any lien claims against the government.

The Plaintiff does not contend that any fees and costs awarded under the EAJA belong to her attorney. Such a contention is clearly precluded by *Manning v. Astrue,* 510 F.3d 1246 (10th Cir. 2007), wherein the Tenth Circuit determined that "the prevailing party, who

incurred the attorney's fees, and not that party's attorney, is eligible for an award of attorney's fees." *Id.* at 1249-50. But the *Manning* court left open any issue regarding the impact of attorney's liens on an EAJA award: "[W]e do not address any issue concerning an attorney's lien. Specifically, we decline to address whether an attorney's lien attached to the award of attorney's fees; if a lien attached, how that lien attached; how to enforce an attached attorney's lien; how to collect on the attorney's lien; or whether a lien would have priority." *Id.* at 1249. The Plaintiff thus claims that her attorneys have liens on her EAJA award and that such liens have priority over the government's right of offset under 31 U.S.C. § 3716.

Unlike the *Manning* case, however, there is no indication here that the Plaintiff owes the government any debt against which his EAJA award may be offset. Thus, any determination by the Court as to the priority of an attorney's lien *vis à vis* the government's right of offset would be advisory only, and the Court therefore declines to address the issue. *See, e. g., Preiser v. Newkirk,* 422 U.S. 395, 401 (1975) ("[A] federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.' Its judgments must resolve 'a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'"), *citing North Carolina v. Rice,* 404 U.S. 244, 246 (1971), *quoting Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 241 (1937).

The Plaintiff also contends that the attorney's liens justify sending the EAJA award directly to her attorneys. The Court has previously refused to order this done on the theory

that the EAJA does not require it. *See, e. g., Winslow v. Astrue*, No. CIV-05-443-SPS (E.D. Okla. July 6, 2007), *appeal docketed*, No. 07-7060 (10th Cir. July 23, 2007). But assuming *arguendo* that the Plaintiff's attorneys *do* have liens on her EAJA award, they may seek to enforce them in an equitable proceeding ancillary to this case.[1] *See, e. g., Edwards v. Andrews, Davis, Legg, Bixler, Milsten & Murrah, Inc.,* 1982 OK 72, ¶ 20, 650 P.2d 857, 863 ("[E]nforcement of a charging lien is an equitable proceeding[.]"), *citing Stubblefield v. General Motors Acceptance Corp.,* 1980 OK 164, ¶ 8, 619 P.2d 620, 623 ("A lawyer's claim for impression of his statutory charging lien upon the recovery secured in an action may be prosecuted as an ancillary proceeding to the main litigation. The contest is treated as one in the nature of an equity suit. A new party, if necessary to a complete resolution of the issues, may be added at the ancillary stage of proceedings."). It is therefore unnecessary to order the Commissioner to send the Plaintiff's EAJA award directly to the Plaintiff's attorneys.

---

[1] The Plaintiff claims that her attorneys have both a common law retaining lien and a statutory charging lien under 5 Okla. Stat. § 6. Of course, the Plaintiff's attorneys have no retaining lien on any funds not yet in their possession. Further, the Plaintiff's attorneys did not endorse their charging lien on the initial pleading they filed in this case; thus, to the extent they have any charging lien, it is enforceable only from the date they gave written notice herein, *i. e.*, when they filed Becan's Petition for the Award of Attorney's Fees and Expenses Under the Equal Access to Justice Act [Docket No. 22]. Finally, although as discussed above the Court declines to address the assertion of any lien claim against the government because no offset has been asserted, it is worth noting that sovereign immunity generally bars the assertion of any lien claim against funds held by the government. *See, e. g., Knight v. United States,* 982 F.2d 1573, 1578 (Fed. Cir. 1993) ("[U]nless the United States has submitted itself to such state law, an attorney lien statute, like a state garnishment statute, has no force or effect against it and places no restraints on the government's payment of its obligations to another, including the payment of wages."). *See also Department of the Army v. Blue Fox, Inc.,* 525 U.S. 255, 264 (1999) ("Our holding today is in accord with our precedent establishing that sovereign immunity bars creditors from attaching or garnishing funds in the Treasury, or enforcing liens against property owned by the United States.") [citations omitted].

Accordingly, Becan's Petition for the Award of Attorney's Fees and Expenses Under the Equal Access to Justice Act [Docket No. 22] is hereby GRANTED insofar as it seeks an award of attorney's fees and costs to the Plaintiff as the prevailing party under the EAJA, and the Plaintiff is hereby awarded attorney's fees in the amount of $5,104.50 and costs in the amount of $365.80. Becan's Petition for the Award of Attorneys' Fees and Expenses Under the Equal Access to Justice Act [Docket No. 22] is otherwise DENIED.

**IT IS SO ORDERED** this 20th day of February, 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**