# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARY ALICE BECAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-07-149-SPS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER AWARDING
## ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)

The Plaintiff Mary Alice Becan appealed the Commissioner of the Social Security Administration's denial of benefits. The Court reversed the Commissioner's decision and remanded the case to the Administrative Law Judge ("ALJ") for further proceedings. On remand, the Commissioner found the Plaintiff disabled and awarded $48,500.48 in past-due benefits, out of which attorney's fees have been sought pursuant to 42 U.S.C. § 406(b)(1). For the reasons set forth below, the Court concludes that Plaintiff's Attorney's Motion For Attorney Fees Under 42 U.S.C. § 406(b) [Docket No. 25] should be GRANTED and that Plaintiff's counsel should be awarded $12,125.12 in attorney's fees.

The Commissioner observes that the Plaintiff filed this motion within thirty days of receiving a copy of the notice of award, but takes no position as to the reasonableness of Plaintiff's request. The Court finds that Plaintiff moved for attorney's fees within a reasonable time and that her motion was therefore timely pursuant to Fed. R. Civ. P. 60. *See, e. g., McGraw v. Barnhart*, 450 F.3d 493, 504, 505 (10th Cir. 2006) ("Section 406(b)

itself does not contain a time limit for fee requests. . . . We believe that the best option in these circumstances is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award.") [citations omitted]; *see also* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time[.]"); *Bernal v. Astrue*, 611 F. Supp. 2d 1217, 1220 (N.D. Okla. 2009) ("So it will be abundantly clear and so there will be no question about the issue in the future, counsel is placed on notice that a reasonable time for filing a motion under Rule 60(b)(6) for consideration of a motion for fees under §406(b)(1) will be considered in terms of weeks or months, not years.").

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). The 25% limitation does not include any fee awarded to the Plaintiff's agency representative by the Commissioner under 42 U.S.C. § 406(a). *See Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) ("The Commissioner and court have the authority to independently determine the appropriate attorney fees. Each has separate standards to make this determination and is only limited as provided by statute. Based on the plain language and statutory structure found in § 406, the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner.") [internal citations omitted]. The Plaintiff's fee request of $12,125.12 is 25% of his past-due

benefits, so the Court need only consider whether this is reasonable given the work performed in this case. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("[W]e conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.").

Factors to consider in determining whether a requested fee is reasonable under *Gisbrecht* include the character of the representation and the results achieved, *id.* at 808, *citing McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989) and *Lewis v. Secretary of Health & Human Services*, 707 F.2d 246, 249-50 (6th Cir. 1983) (reducing the fee for substandard work), whether counsel has caused delay, and whether the contingent fee is so large in comparison to the amount of time spent on the case that it results in a windfall to counsel, *id.*, *citing Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (noting fees are appropriately reduced when undue delay increases past-due benefits or when the amount of the fee is unconscionable in light of the work performed). Contemporaneous billing records may be helpful in determining reasonableness. *See id.*, *citing Rodriguez*, 865 F.2d at 741. Based on these factors, the Court concludes that $12,125.12 is a reasonable amount of attorneys' fees for the work done in this case.

First, it is clear the Plaintiff was ably represented by her attorneys and obtained excellent results in her appeal to this Court. The Plaintiff's attorneys prepared a detailed brief setting forth, *inter alia*, the substantive grounds for reversal ultimately adopted by the Court. As a result, the Plaintiff's case was remanded to the ALJ for further

consideration and the Plaintiff was awarded attorneys' fees in the amount of $5,104.50 as the prevailing party under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d); however, because $765.67 of the EAJA award was diverted by the Treasury department, only $4,338.83 was paid to counsel in accordance with their fee contract. Ultimately, the Commissioner awarded disability benefits on remand, including over $36,000.00 in past-due benefits the Plaintiff will receive even after attorney's fees are deducted. Second, there is no evidence counsel caused any unnecessary delay in these proceedings. Third, the requested fee does not result in any windfall to the Plaintiff's attorneys, who spent a total of 32.9 hours of attorney and paralegal work on the Plaintiff's case before this Court. *See* Docket No. 22, Ex. 1. This equates to an hourly rate of $368.54, and although this would be a premium rate if this were an hourly-rate case, it is hardly excessive where the fee was contingent and the risk of loss was clearly not negligible. The Court therefore concludes that the requested fee of $12,125.12 is reasonable within the guidelines set by *Gisbrecht*.

The Commissioner withheld $12,125.12 from the Plaintiff's past-due benefits for the payment of attorney's fees. However, it is unclear whether that amount will be available for distribution to the Plaintiff's attorneys after fees have been awarded for the work performed at the agency level pursuant to 42 U.S.C. §406(a). If the Plaintiff's attorney is unable to obtain the entire amount of attorney's fees from the past-due benefits withheld by the Commissioner, she will have to recover the difference from the claimant. *See Wrenn*, 525 F.3d at 933 ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney

must look to the claimant, not the past-due benefits, to recover the difference."). Nevertheless, because the $12,125.12 awarded herein exceeds the $4,338.83 in EAJA fees previously awarded to the Plaintiff's attorneys, the Plaintiff's attorneys must refund the latter amount to the Plaintiff. *See Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir.1986).

Accordingly, Plaintiff's Attorney's Motion For An Award of Attorney Fees Under 42 U.S.C. § 406(b) [Docket No. 25] is hereby GRANTED. The Court approves an award of attorney's fees in the amount of $12,125.12 to the Plaintiff's attorney pursuant to 42 U.S.C. § 406(b)(1). The Commissioner is hereby directed to pay the Plaintiff's attorney the balance of the past-due benefits in his possession. The Plaintiff's attorney shall thereupon refund to the Plaintiff the full amount previously awarded under the EAJA.

**IT IS SO ORDERED** this 25th day of April, 2011.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma